## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**Adam & Crystal Smith**
    **Plaintiff,**

**vs.**
                                    **Case No.:** 2:16-cv-11750

**USAA Savings Bank A.K.A. USAA**
**and**
**USAA Federal Savings Bank**
**A.K.A USAA**
    **Defendants.**

### COMPLAINT

1. The Plaintiffs, Adam & Crystal Smith, are residents of West Virginia.

2. The Plaintiffs are persons who fall under the protection of Article 2 of the West Virginia Consumer Credit and Protection Act (herein "WVCCPA") and are entitled to the remedies set forth in Article 5 of the WVCCPA.

3. The Defendants, USAA Savings Bank A.K.A. USAA and USAA Federal Savings Bank A.K.A. USAA are corporations having their principal offices in a state other than West Virginia and which do business in West Virginia.

4. The Defendants, USAA Savings Bank A.K.A. USAA and USAA Federal Savings Bank A.K.A. USAA are both corporations holding themselves out to the public as "USAA" which is an unregistered D.B.A.

5. The Defendants are both found at the website www.usaa.com and offer one "contact us" one-eight-hundred number: 1-800-531-USAA.

6. The Defendants are debt collectors as defined by *West Virginia Code* § 46A-2-122(d) engaging directly or indirectly in debt collection as defined by *West Virginia Code* § 46A-2-122(c) within the State of West Virginia, including ROANE County, West Virginia.

7.  After the Plaintiffs became in arrears upon the alleged indebtedness to the Defendants, upon their accounts with USAA Savings Bank A.K.A. USAA and USAA Federal Savings Bank A.K.A. USAA, the Defendants began to engage in collection of such indebtedness through the use of telephone calls placed to Plaintiffs, by written communications and did otherwise communicate with Plaintiffs to collect the alleged debt.

8.  The Plaintiffs retained the undersigned counsel to represent Plaintiffs interest in connection with consumer indebtedness on which Plaintiffs had become in arrears.

9.  Thereafter, the Plaintiffs mailed a letter to the Defendants advising the Defendants they had retained an attorney, and providing the Defendants with the name, address, and telephone number of their attorney.

10. In the letter the Plaintiffs mailed the Defendants, the Plaintiffs requested the Defendants stop calling the Plaintiffs and provided the Defendants with the Plaintiffs' telephone numbers so the Defendants knew which numbers to stop calling.

11. The Plaintiff, in the letter, removed the Defendants' authorization to call the Plaintiff.

12. Thereafter, Defendants continued to cause telephone calls to be placed to the Plaintiffs.

13. The Defendants maintain records of each call placed to the Plaintiffs by date, time called, duration of call, the identity of the Defendants' employee and notes or codes placed upon such record by the Defendants' employee.

14. Such records will reflect that the Defendants placed telephone calls to the Plaintiffs' residential telephone number after it appeared that Plaintiffs were represented by an attorney and the attorney's name and telephone number were known or could be reasonably ascertained.

2

## COUNT I

### *VIOLATIONS OF THE WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT*

15. The Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

16. The Defendants have engaged in repeated violations of Article 2 of the *West Virginia Consumer Credit and Protection Act*, including but not limited to,

   a. engaging in unreasonable or oppressive or abusive conduct towards the Plaintiff in connection with the attempt to collect a debt by placing telephone calls to the Plaintiff after the Plaintiff has requested the Defendants stop calling the Plaintiff in violation of *West Virginia Code* § 46A-2-125;

   b. causing Plaintiffs phone to ring or engaging persons, including the Plaintiffs, in telephone conversations repeatedly or continuously or at unusual times or at times known to be inconvenient, with the intent to annoy, abuse or oppress the Plaintiffs in violation of *West Virginia Code* § 46A-2-125;

   c. using unfair or unconscionable means to collect a debt from Plaintiff in violation of *West Virginia Code* § 46A-2-128(e) by communication with Plaintiff after it appeared that the Plaintiff was represented by an attorney;

   d. failing to clearly disclose the name of the business entity making a demand for money upon Plaintiffs indebtedness in violation of *West Virginia Code* § 46A-2-127.

17. As a result of the Defendants' actions, Plaintiffs have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT II

### VIOLATION OF THE WEST VIRGINIA COMPUTER CRIMES AND ABUSE ACT

18. The Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

19. The Plaintiffs are "persons" as defined by *West Virginia Code* § 61-3C-3(n) as Plaintiffs are "natural persons."

20. The Defendants, USAA Savings Bank A.K.A. USAA and USAA Federal Savings Bank A.K.A. USAA, are "persons" as defined by West Virginia Code § 61-3C-3(n) as Defendants are "limited partnership, trust association or corporation."

21. The Defendants, with the intent to harass, used an "electronic communication device" as defined by West Virginia Code § 61-3C-14a to make contact with the Plaintiffs after being requested by Plaintiffs to desist from contacting the Plaintiffs in violation of *West Virginia Code* § 61-3C-14a(a)(2).

22. The Plaintiffs were injured as a result of the violations of the *West Virginia Computer Crimes and Abuse Act* as set forth above.

23. The Defendants' actions violated *West Virginia Consumer Credit and Protection Act* Chapter 46A as described in Count I above and therefore violate this statute as well.

24. Plaintiffs seek compensatory damages for injuries provided by *West Virginia Code* § 61-3C-16(a)(1) and punitive damages pursuant to *West Virginia Code* § 61-3C-16(a)(2).

25. As a result of the Defendants' actions, Plaintiffs have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise caused indignation and distress.

## COUNT III

### *VIOLATION OF TELEPHONE HARASSMENT STATUTE*

26. The Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

27. The Defendants made or caused to be made telephone calls to the Plaintiffs causing Plaintiffs' telephone(s) to ring repeatedly and continuously with the intent to annoy and harass the Plaintiffs in violation of *West Virginia Code* § 61-8-16(a)(3).

28. The Plaintiffs were injured by Defendants' violation of *West Virginia Code* § 61-8-16(a)(3).  As Plaintiffs were injured by Defendants' violation of *West Virginia Code* § 61-8-16(a)(3), the Plaintiffs have a civil cause of action for damages Plaintiffs sustained by reason of said statutory violation pursuant to West Virginia Code § 55-7-9 which so provides.

29. The Defendants' actions violated West Virginia Consumer Credit and Protection Act Chapter 46A as described in Count I above and therefore violate this statute as well.

30. As a result of the Defendants' actions, Plaintiffs have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise caused indignation and distress.

## COUNT IV

### *COMMON LAW NEGLIGENCE*

31. The Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

32. Defendants negligently failed to train, supervise, monitor or otherwise control their employees to ensure that its employees did not violate the WVCCPA as alleged in Count I.

33. As a result of the Defendants' actions, Plaintiffs have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT V

### *INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS*

34. The Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

35. The following conduct of Defendants was atrocious, intolerable and extreme so as to exceed the bounds of decency:

   a. Defendants placed telephone calls to Plaintiffs after Defendants knew that Plaintiffs were represented by an attorney in gross violation of the WVCCPA;

   b. Defendants have adopted policies and procedures without regard to West Virginia law, which violate West Virginia law and are designed to, or have the effect of, inflicting emotional distress upon consumers to coerce the consumer to pay money to the Defendants;

   c. Insofar as Defendants' violations of the WVCCPA are deemed to be willful, pursuant to *West Virginia Code* § 46A-5-103(4) such conduct is, as a matter of law, criminal conduct punishable by fine and/or imprisonment;

   d. Insofar as Defendants' conduct caused a phone to ring with the intent to harass, such conduct is criminal conduct pursuant to *West Virginia Code* § 61-8-16(a)(3) punishable by fine and/or imprisonment;

e.  Insofar as Defendants' conduct of engaging in telephone conversation with Plaintiffs undertaken with the intent to harass, such conduct is criminal conduct proscribed by *West Virginia Code* § 61-8-16(a)(4) punishable by fine and/or imprisonment;

f.  Insofar as Defendants' conduct constituted knowingly allowing a phone under Defendants' control to be used to harass any person, such conduct is criminal conduct proscribed by *West Virginia Code* § 61-8-16(b) punishable by fine and/or imprisonment.

36. As a result of the Defendants' actions, the Plaintiffs have suffered emotional distress.

37. As a result of the Defendants' actions, the Plaintiffs have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT VI

### *COMMON LAW INVASION OF PRIVACY*

38. The Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

39. The Plaintiffs have an expectation of privacy to be free from harassing and annoying telephone calls within the confines of Plaintiffs home.

40. The acts of the Defendants in placing telephone calls to Plaintiffs home telephone number invaded, damaged and harmed Plaintiff's right of privacy.

41. As a result of the Defendants' actions, the Plaintiffs suffered emotional distress.

42. As a result of the Defendants' action, the Plaintiffs have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT VII

### *VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT*

43. The Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

44. The Defendants used a predictive or otherwise automated dialer system to call the Plaintiffs.

45. The predictive dialer system resulted numerus calls being placed by the Defendants to the Plaintiffs' cell phones.

46. The Plaintiffs removed any consent that may have existed to call the Plaintiffs' cell phone by the act of Plaintiffs sending the Defendants a letter asking the Defendants to stop calling Plaintiffs.

47. Plaintiffs provided the Defendants with Plaintiffs' cell phone number in the letter so Defendants could identify specifically all numbers Defendants may no longer call.

48. As a result of the Defendants' actions, defendant has repeatedly violated the Telephone Consumer Protection Act 47 USCS § 227(b)(1) by:

    a. Making calls to the Plaintiffs' cellular telephone by means of an automatic dialing system.

49. The Defendants' violations of the Telephone Consumer Protection Act were willful to the extent the Plaintiffs repeatedly removed their consent to call their cell phone(s), and the Defendants ignored them.

50. As a result of the Defendants' actions, Plaintiffs have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise were caused indignation and distress.

### DEMAND FOR RELIEF

Plaintiffs demand from the Defendants:

a.  Actual damages for the violations of the WVCCPA as authorized by *West Virginia Code* § 46A-5-101(1) for all such violations that occurred up to the date and time of the filing of this complaint;

b.  Statutory damages in the maximum amount authorized by *West Virginia Code* § 46A-5-101(1) as adjusted for inflation pursuant to *West Virginia Code* § 46A-5-106 for all such violations that occurred up to the date and time of the filing of this complaint;

c.  Plaintiffs cost of litigation, including attorney fees, court costs and fees, pursuant to *West Virginia Code* § 46A-5-104;

d.  The Plaintiffs be awarded general damages for the Defendants' negligence as alleged in Count II of the Complaint;

e.  $500 per violation of the Telephone Consumer Protection Act as provided for in in 47 USCS § 227(b)(3)(B);

f.  $1,500 per violation of the Telephone Consumer Protection Act to the extent the violations were willful 47 USCS § 227(b)(3)(C);

g.  The Plaintiffs be granted general damages and punitive damages for Defendants' conduct alleged in Count II, III, IV, V, and VI;

h.  Such other relief as the Court shall deem just and proper under the attendant circumstances.

**PLAINTIFFS DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE**

ADAM & CRYSTAL SMITH
BY COUNSEL


BY:      _s/ Megan A. Patrick_____
         Benjamin M. Sheridan (WVB #11296)
         Mitchell Lee Klein (WVB #2071)
         Megan A. Patrick (WVB #12592)
         *Counsel for Plaintiff*
         Klein & Sheridan, LC
         3566 Teays Valley Road
         Hurricane, WV 25526
         Phone: (304) 562-7111
         Fax: (304) 562-7115
         bsheridan@kswvlaw.com
         mitch@kswvlaw.com
         mpatrick@kswvlaw.com